IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PHILLIP L. UTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-0459-CV-W-GAF-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff filed two applications under the Social Security Act (the Act) . Plaintiff sought disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401, *et seq*, and a second application seeking supplemental security income (SSI) benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq*. Plaintiff's applications were denied initially.

On January 29, 2004, following a hearing, an administrative law judge (ALJ) rendered a decision in which he found that plaintiff was not under a "disability" as defined in Titles II and XVI at any time through the date of the decision. The ALJ concluded that plaintiff retained the residual functional capacity (RFC) to perform his previous relevant work as a construction worker, security guard, substitute teacher and/or pastor. On March 11, 2005, after the consideration of additional evidence, the Appeals Council of the Social Security Administration denied Wilson's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *Johnson v.*

*Chater*, 108 F.3d 178, 179 (8th Cir. 1997). If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision of the Commissioner. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000) (citations omitted). The Eighth Circuit has noted that a court should "defer heavily to the findings and conclusions of the SSA." *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).[1]

To establish entitlement to benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A).

The ALJ found that plaintiff had depression and an anxiety disorder, but did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. § 404, Subpart P, Appendix 1, Regulations No. 4. The ALJ further found that plaintiff's impairments would not preclude him from performing his past work. The ALJ found plaintiff was not disabled.

Plaintiff argues first that the ALJ's credibility finding is not supported by the record. Questions of fact, including the credibility of a claimant's subjective testimony, are the province of the Commissioner. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). In this case, the ALJ specifically found that plaintiff's testimony was not fully credible. In considering the subjective aspects of plaintiff's complaints, the ALJ must comply with the regulations at 20 C.F.R. §§ 404.1529, 416.929

---

[1] Upon review of the record and applicable authority herein, the defendant's position is found to be controlling. Much of defendant's brief is adopted without quotation noted.

2

(2004), and the framework set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). If an ALJ explicitly discredits a claimant's testimony and gives good reasons for doing so, the court will normally defer to the ALJ's credibility determination. *Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991).

The ALJ noted that the medical reports indicated that plaintiff improved with treatment so that by August 15, 2001, plaintiff was assessed with a GAF of 55. The Eighth Circuit has held that a GAF only slightly higher (but still within the same range of moderate limitations) is consistent with a finding of "no disability." *Goff v. Barnhart*, 421 F.3d 785, 789, 791, 793 (8th Cir. 2005) (a GAF of 58 supported ALJ's limitation for simple, routine, repetitive work). The ALJ further noted that on August 20, 2002, plaintiff presented with normal appearance, motor activity, and interview behavior. His flow of thought, mood and affect were also normal, and he showed normal content of thought. He was oriented times three and showed good recent and remote memory. He was shown capable of abstract thought and serial sevens and showed normal intellect. Plaintiff demonstrated very good insight and judgment. Plaintiff was assessed with a GAF of 57, which is, as was noted above, inconsistent with disability. The ALJ Further noted that a treatment note dated July 2, 2003 (actually July 3, 2003) showed plaintiff continued to improve.

The ALJ also noted that plaintiff worked part-time at the time of the hearing. The regulations clearly state that work performed during any period in which a claimant alleges that he was under a disability may demonstrate an ability to perform substantial gainful activity. 20 C.F.R. §§ 404.1571, 416.971; *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994). The ability to perform work even part-time was inconsistent with the extent of plaintiff's complaints regarding his mental limitations.

3

*Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004) ("It was also not unreasonable for the ALJ to note that [the claimant's] . . . part-time work [was] inconsistent with her claim of disabling pain.").

Moreover, the record shows that to the extent plaintiff had difficulties, they were controlled with treatment. The ALJ noted that plaintiff improved with treatment as was demonstrated by the improving mental status examination during the time frame pertinent to this appeal. Impairments which are controllable or amenable to treatment do not support a finding of disability. *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998); *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997).

The ALJ also noted that plaintiff's complaints of fatigue were unfounded and not corroborated in the record. The ALJ noted that no physician or psychologist provided an opinion that plaintiff must lie down for any reason, and there was no history or record of complaints which indicated that plaintiff was required to lie down and nap three times a day for an hour at a time. The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole. *Wheeler v. Apfel*, 224 F.3d 891 (8th Cir. 2000).

Thus, the ALJ considered the totality of the record consistent with the regulations at 20 C.F.R. §§ 404.1529, 416.929, and *Polaski*. In doing so, the ALJ pointed to significant factors including: the contemporaneous medical reports, the fact that plaintiff's symptoms were amenable to treatment, and plaintiff's work at the time of the hearing. Substantial evidence supports the ALJ's credibility findings. Moreover, after weighing the credibility of plaintiff and the witnesses, the ALJ formulated plaintiff's RFC. The Eighth Circuit has noted that an RFC is a determination based upon all the record evidence. *Pearsall v. Massanari*, 274 F.3d 1211, 1217-1218 (8th Cir. 2001); *Dykes v. Apfel*, 223 F.3d 865, 866-67 (8th Cir. 2000) (citing 20 C.F.R. § 404.1545; SSR 86-80 at pp. 8-9).

The RFC formulation is a part of the medical portion of a disability adjudication as opposed to the vocational portion which involves consideration of age, education, and work experience. Although it is a medical question, the RFC findings are not based only on "medical" evidence, i.e., evidence from medical reports or sources; rather an ALJ has the duty, at step four to formulate RFC based on all the relevant, credible evidence of record. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (the Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations); *Dykes v. Apfel*, 223 F.3d 865, 866-67 (8th Cir. 2000) (*per curiam*) (an RFC is a determination based upon all the record evidence but the record must include some medical evidence that supports the RFC finding). *See also* 20 C.F.R. § 416.945; SSR 96-8p.

In this case, the ALJ found that plaintiff had no significant physical limitations but occasional dysfunction in terms of: the ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, the ability to work in coordination with or proximity to others without being distracted by them, the ability to interact appropriately with the general public and the ability to get along with co-workers and peers without distracting them or exhibiting behavioral extremes. As was noted above, these limitations were supported by the medical records during the relevant time periods as well as at least two GAF assessments. These factors support the ALJ's RFC findings.

After the ALJ issued his decision, plaintiff submitted opinions by his social workers and treating psychiatrist that he was psychiatrically disabled. Plaintiff argues that this evidence, which was not available to the ALJ, undermines the ALJ's credibility findings.

5

The Appeals Council must consider additional evidence if it is new, material, and relates to a time period before the ALJ's decision. 20 C.F.R. § 404.970(b); *see also Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996); *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995). A reviewing court does not evaluate the Council's decision to deny review based on new evidence; instead, the role of the court is limited to deciding whether the ALJ's determination is supported by substantial evidence on the record as a whole, including new evidence submitted after determination was made. *Stephens v. Shalala*, 50 F.3d 538, 541 (8th Cir. 1995); *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

In this case, the additional evidence would not have changed the ALJ's decision. Initially, statements that a claimant could not be gainfully employed "are not medical opinions but opinions on the application of the statute, a task assigned solely to the discretion of the [Commissioner]." *Cruze v. Chater*, 85 F.3d 1320, 1325 (8th Cir. 1996) (*quoting Nelson v. Sullivan*, 946 F.2d 1314, 1316 (8th Cir. 1991)). Such statements simply "are not conclusive as to the ultimate question" of disability. *Id.* (*quoting Nelson*, 946 F.2d at 1316-17).

Furthermore, the opinions[2] of extreme psychiatric limitations were inconsistent with their own medical reports and with the assessed GAF scores, including a GAF of 55 in August 2001 and a GAF of 57 in August 2002. *Compare Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005) ("[The claimant's] GAF [of 58] is inconsistent with [the doctor's] opinion that she suffers from extreme

---

[2]Moreover, the opinions of Dr. Patel and the social workers were obtained after the ALJ's adverse decision and, thus, are less persuasive. *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989). In addition, under 20 C.F.R. § 404.1513(a), a social worker is not an "acceptable medical source," but is an important "other" medical source of inofrmation which the ALJ must consider. *Shontos v. Barnhart*, 328 F.3d 418, 426 (8th Cir. 2003).

Case 4:05-cv-00459-GAF   Document 13   Filed 02/28/06   Page 6 of 9

limitations."). As was noted above, in August 2002, Dr. Patel noted that plaintiff's mood and affect were normal and that he showed normal content of thought. Dr. Patel further noted that plaintiff had good recent and remote memory and had shown he was capable of abstract thought and serial sevens and showed normal intellect. Dr. Patel also noted that plaintiff demonstrated very good insight and judgment. These findings are inconsistent with the extreme limitations opined in the additional evidence submitted to the Appeals Council. Where a physician's opinion is itself inconsistent, the ALJ is entitled to give little weight to the opinion. *Cruze v. Chater*, 85 F./3d 1320, 1325 (8th Cir. 1996); *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996).

Plaintiff also challenges the vocational expert's testimony and the ALJ's finding that plaintiff could perform his past relevant work. In this regard, the ALJ was required to evaluate whether plaintiff was able to perform his past relevant work in light of his RFC. *Martin v. Sullivan*, 901 F.2d 650, 652 (8th Cir. 1990). An RFC involves a medical evaluation of physical, mental, and other impairments, and other evidence of any limitations, including testimony by the claimant. *Id*. Based on his review of the medical evidence, and his conclusion that plaintiff's subjective complaints were not credible, the ALJ concluded that plaintiff had the RFC to perform his past work. It is well-settled that:

> Where the claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled.

*Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000) (citing *Jones .v Chater*, 86 F.3d 823, 826 98th Cir. 1996)); *see also* 20 C.F.R. §§ 404.1520(e) and 416.920(e).

In the case at bar, the burden did not shift to the Commissioner to show other work that plaintiff could perform, because the evidence indicated that plaintiff could return to his past relevant work as he

7

performed it. Thus, contrary to plaintiff's arguments, inasmuch as plaintiff did not meet his burden of making a *prima facie* showing that he could not return to his past relevant work, the burden never shifted to the Commissioner, and thus, vocational expert testimony was not necessary. *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996); *Gaddis v. Chater*, 76 F.3d 893, 896 (8th Cir. 1996); *Barrett v. Shalala*, 38 F.3d 1019, 1024 (8th Cir. 1994).

Nonetheless, the ALJ did solicit the testimony of a vocational expert, who assisted in the development of the requirements of plaintiff's past relevant work. That testimony supported the ALJ's determination that plaintiff was not disabled. Asked a hypothetical question which set forth plaintiff's limitations in a manner consistent with the ALJ's eventual findings concerning plaintiff's condition and functional limitations, the vocational expert testified that plaintiff could perform his past relevant work as a construction worker, security guard, substitute teacher, and pastor.

Although the hypothetical question must set forth with reasonable precision the claimant's impairments, *Starr v. Sullivan*, 981 F.2d 1006, 1008 (8th Cir. 1992), it need only include those impairments and limitations found credible by the ALJ. *Pertuis v. Apfel*, 152 F.3d 1006, 1007 (8th Cir. 1998). Discredited subjective complaints are properly excluded from a hypothetical question so long as the ALJ had reason to discredit them. *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005). The hypothetical question posed included those impairments the ALJ found credible, and excluded those he discredited for legally sufficient reasons, the vocational expert's testimony that plaintiff could perform his past work was substantial evidence in support of the ALJ's determination. *Miller v. Shalala*, 8 F.3d 611, 613-14 (8th Cir. 1993).

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

Case 4:05-cv-00459-GAF   Document 13   Filed 02/28/06   Page 8 of 9

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: February 28, 2006